[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 8322
The plaintiff, whose birth name was Mary Scata and whose name at the time of this marriage was Mary Russo, married the defendant on June 26, 1981 in Durham, Connecticut. The plaintiff has resided continuously within the State of Connecticut at least one year next before the filing of this complaint. The parties have no minor children issue of this marriage and no other minor children have been born to the plaintiff since the date of the marriage to the defendant. Neither the State of Connecticut nor any other governmental agency is contributing to or has contributed to the support and/or maintenance of either party to this action. The plaintiff alleges that the marriage has broken down irretrievably with no prospect of reconciliation.
The defendant filed an answer cross complaint in which he admitted all the allegations of the plaintiff's complaint and cross complained that the marriage has broken down irretrievably with no prospect of reconciliation.
Each complaint sought appropriate relief in accordance with the statutory scheme for dissolution of marriage actions.
Based upon the credible, relevant and admissible evidence the following constitute the findings of fact and conclusions of law with respect to the evidence offered by the parties herein.
The court finds that the marriage has broken down irretrievably. It was a happy association between these parties for the first four-five years of their marriage and thereafter things began to go downhill. The plaintiff has made allegations as to the defendant's disintegrating attitude and similar claims were made by the defendant as to the plaintiff's attitude and conduct. Although there was some anger indicated on the part of the defendant, there is no evidence of violence of any kind practiced by either party on the other. The court concludes that each of the parties have contributed substantially equally to the breakdown of this marriage.
Each of the parties has presented testamentary and written evidence concerning their incomes over the period of the marriage and their relative contributions to what now constitutes the marital estate. This was the second marriage for each party.
The Plaintiff indicates current income of $145.00 per week CT Page 8323 plus pension income of $111.00 per week resulting a net total weekly income of $224.00. The defendant presents an income affidavit that shows he has a Social Security income of $215.00 per week plus pension income of $274.00 per week for a total of $487.00 per week.
At the inception of this marriage the plaintiff brought $18,000.00 in incentive earnings into he marriage. At the time she was earning a salary of approximately $19,000.00 a year and over the period of the marriage she contributed all her salary to the family coffers, with the exception of $150.00 a month which the defendant gave to her as spending money.
In 1981 the defendant brought to the marriage $2,000.00 in incentive earnings and the real state in Higganum where they lived for a period of time until that house was sold, which property had a value of $80,000.00 and a mortgage of $29,000.00 for a net equity of $61,000.00. However as was known to both parties from that $61,000.00 equity there was deducted $30,000.00 which was lump sum alimony that the defendant owed and subsequently paid over to his first wife, thus the defendant came into the marriage with $31,000.00 in equity in the Higganum residence.
The defendant essentially managed all the family finances and paid all the bills and, as noted above, the plaintiff contributed substantially to the family checking account each month.
Ultimately the Higganum residence was sold and they purchased a residence in Cromwell. The Cromwell residence was recently sold by the defendant for $127,000.00 less a mortgage of $30,000.00 for a net equity position of $97,000.00. This $97,000.00 forms a basis of an escrow of fund presently held and which fund is to be disposed of by orders of the court herein. By agreement of the parties the plaintiff and the defendant have each received $10,000.00 from this escrow fund thus there is a net on hand of $77,000.00.
Taking into account the statutory criteria as outlined in § 46b-81 and § 46b-82 of the Conn. Gen. Stat., the court orders that from this escrow account each shall be entitled to keep the $10,000.00 that was earlier agreed upon and distributed to them from this escrow fund. The plaintiff is allotted $18,000.00 and the defendant is allotted $31,000.00 CT Page 8324
The property was sold on the unilateral efforts of the defendant alone and thus he saved substantial expense that would have been otherwise occurred in connection with real estate commissions and cost of sale including maintenance of the property. The court concludes that the defendant is entitled to the fruits of his efforts and therefore the balance of the $28,000.00 shall be distributed as follows: $10,000.00 to the plaintiff and $18,000.00 to the defendant; the net result that from the $77,000.00 escrow fund, the court orders that $49,000.00 be distributed to the defendant and $28,000.00 be distributed to the plaintiff.
Both of the parties are in reasonably good physical condition and their health seems to be unimparied except that the defendant indicates that he may require future hip replacement. Each of them has adequate health insurance in their own name.
For a period of four years from the date of this memorandum the defendant shall pay to the plaintiff a sum of $90.00 per week as alimony, income to her and deductible by him. The court has selected this period of time to allow her a year or so after she is eligible for Social Security to get herself readjusted in suitable living circumstances, which she ought to be able to do by that stage in her life.
The defendant shall name the plaintiff irrevocable beneficiary of $30,000.00 in life insurance. them has adequate health insurance in their own name.
For a period of four years from the date of this memorandum the defendant shall pay to the plaintiff a sum of $90.00 per week as alimony, income to her and deductible by him. The court has selected this period of time to allow her a year or so after she is eligible for Social Security to get herself readjusted in suitable living circumstances, which she ought to be able to do by that stage in her life.
The defendant shall name the plaintiff irrevocable beneficiary of $30,000.00 in life insurance. He should give proof of said policy is in force and effect and that the plaintiff has been named as beneficiary withing 30 days of the date of this decision.
Said alimony as noted above is non modifiable as to term and amount the allocation of the plaintiff as beneficiary of the life CT Page 8325 insurance may be decreased by $5,000.00 a year so that at the end of the alimony payment, the plaintiff will be the irrevocable beneficiary of $10,000.00 in life insurance on the life of the defendant.
Said alimony order shall terminate upon the death of either party, the remarriage of the plaintiff or cohabitation as defined by statute of the plaintiff.
The defendant shall retain his Florida home and lot and the other assets indicated on his financial affidavit. The plaintiff shall retain any assets listed on her financial affidavit, and each party is ordered to hold the other harmless in connection with any liabilities as appear on their respective affidavits. Each shall keep the cars in their possession .
A decree is entered dissolving this marriage.
It is so ordered.
HIGGINS, J.